779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM DARRELL CHAPPELL, Petitioner-Appellant
v.
WILLIAM SEABOLD AND ATTORNEY GENERAL OF KENTUCKY, Respondent-Appellee.
 85-5258
 United States Court of Appeals, Sixth Circuit.
 10/17/85
 AFFIRMED
 
 1
 W.D.Ky.
 
 ORDER
 
 2
 BEFORE: JONES and WELLFORD, Circuit Judges; and DEMASCIO, District Judge*.
 
 
 3
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 William Darrell Chappell appeals the denial of his petition for habeas corpus relief, 28 U.S.C. Sec. 2254. The only issue on appeal is whether consideration of a jury instruction issue is precluded by failure to meet the cause and prejudice test as espoused in Wainright v. Sykes, 433 U.S. 72 (1977).
 
 
 5
 Chappell is presently serving a twenty year sentence in a Kentucky prison for his jury conviction of first degree robbery. The issue in this case surrounds an inadequate jury instruction. The Kentucky first degree robbery statute, KRS 515.020, states that physical injury to the victim or a third party is a necessary element for a valid conviction of first degree robbery. This element was missing in the instruction at the appellant's jury trial. The record clearly shows, however, that the appellant's trial counsel did not object to this deficiency. Consequently, the Kentucky Supreme Court, in affirming the conviction did not confront the merits of this issue because of the procedural waiver. ?? court applied the rules set forth in Engle v. Isaac, 456 U.S. 107 ?? the appellant's habeas petition. That rule states that any prisoner ?? a constitutional claim to the federal courts after a state procedural default must demonstrate cause and actual prejudice before obtaining relief. Id. at 129.
 
 
 6
 The appellant cites Reed v. Ross, ---- U.S. ---- 104 S.Ct. 2901 (1984) for the proposition that where a fundamental right has been violated the federal court can, notwithstanding the procedural waiver and cause and prejudice test, address the alleged wrong. In this context, the appellant alleges that his constitutional right to a jury trial has been violated because his conviction was obtained through the use of an inadequate jury instruction. The appellant's reliance upon Reed v. Ross is misplaced. In that case, the Supreme Court applied the cause and prejudice test and held that in some cases a constitutional claim may be so novel that its legal basis was not reasonably available to defense counsel at the time of trial; therefore a defendant would have 'cause' in that type situation for his failure to raise the claim in accordance with applicable state procedures. The legal principle and procedural rule were well established at the time of the appellant's trial Consequently, cause can not be shown for the procedural waiver in this instance.
 
 
 7
 Furthermore, it appears the appellant is urging the use of a constitutional clear error standard. This argument was specifically rejected in Engle v. Isaac, supra at 135.
 
 
 8
 Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation